UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 13-30-DCR-01 |
| ) | |
| V. ) | |
| ) | |
| STANLEY L. ANDERSON, Jr., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

On October 25, 2013, Defendant Stanley Lamont Anderson, Jr., pled guilty to one count of a three-count Superseding Indictment. [Record No. 73] After unsuccessfully appealing his 121-month sentence to the United States Court of Appeals for the Sixth Circuit, Anderson moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 177] The Court is permitted to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) if the sentencing range has subsequently been lowered by the Sentencing Commission, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and after consideration of the applicable factors set forth in § 3553(a). Applying these considerations to Anderson's case, the Court concludes that a reduction of the defendant's sentence is not warranted.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

Count 1 of the Superseding Indictment charges Anderson with conspiring to distribute oxycodone in violation of 21 U.S.C. § 846. [Record No. 20] The facts surrounding the offense are summarized in the Sixth Circuit's decision. In relevant part, it states:

> [Co-defendant] Scalf told police that [a supplier] would be sending the next courier on June 21. That courier was Stanley Anderson, Jr. After the Greyhound bus from Detroit arrived in Cincinnati at 3:28 a.m., Anderson disembarked and took a cab to a Super 8 Motel in Erlanger, Kentucky. Anderson was then approached by law enforcement, at which time he dropped a bag found to contain 1,195 oxycodone tablets and 400 Xanax tablets, all hidden inside a Pringles can.
>
> […]
>
> Anderson told the probation officer that he had made only one trip from Detroit to deliver oxycodone. During an evidentiary hearing, however, Scalf testified that Anderson had made four or five oxycodone deliveries. The court credited Scalf's testimony and found that Anderson was responsible for at least four deliveries.

[Record No. 171, pp. 2-3] At a drug quantity hearing, the Court found that 5,195 oxycodone 30 milligram pills and 400 Xanax tablets were attributable to Anderson. [Record No. 104, p. 3]

The defendant was sentenced on February 28, 2014, without the benefit of a plea agreement with the United States. [Record No. 126] At the time of sentencing, Anderson's total offense level was 31, reflecting adjustments for acceptance of responsibility and obstruction of justice. The corresponding United States Sentencing Guideline range was calculated at 108 to 135 months of imprisonment. [*Id.*]

In arriving at a sentence of 121 months, the Court considered all relevant factors set forth in 18 U.S.C. § 3553. [Record No. 150, p. 19] On review of the defendant's motion for a reduced sentence, the Court again takes up those factors. In particular, the Court emphasizes the serious nature of the offense – conspiring to traffic thousands of pills into the

district – and the need to impose a sentence that provides just punishment. Anderson's continued dishonesty to the Court regarding the number of deliveries he made suggests a disrespect for the law that weighs against reducing his sentence. Further, because Anderson was "a significant carrier of significant quantities of controlled substances," a sentence of less than 121 months would neither provide sufficient deterrence nor protect the public. [*Id.*] Instead, a reduction of the term of incarceration previously imposed would unduly diminish the seriousness of Anderson's criminal conduct.

In summary, none of the Court's concerns at sentencing regarding the 18 U.S.C. § 3553 factors in Anderson's case are allayed by the amendments to the United States Sentencing Guidelines. As noted during the sentencing hearing, the Guidelines are not binding. And here, the requested reduction in the guidelines range is outweighed by the statutory factors discussed above. Accordingly, it is hereby

**ORDERED** that Defendant Stanley L. Anderson, Jr.'s motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) [Record No. 177] is **DENIED**.

This 30th day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge