**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LONDON**
**CRIMINAL ACTION NO. 13-30-DCR-1**
**CIVIL ACTION NO. 16-83-DCR-JGW**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**

**STANLEY ANDERSON, JR.**                                                   **DEFENDANT**

### REPORT AND RECOMMENDATION

Pending is defendant's motion for postconviction relief under 28 U.S.C. §2255. Doc. 196. After considering the record and applicable law, the Court recommends that the motion be denied.

### I. Relevant Factual and Procedural History

In October 2013 defendant pleaded guilty to one count of conspiring to distribute oxycodone. The presiding district judge held an evidentiary hearing in January 2014 to resolve a factual dispute regarding the drug quantity attributable to defendant and his co-defendants. Ultimately the Court issued an order finding defendant to have been responsible for at least four deliveries totaling 5,195 oxycodone pills and 400 Xanax tablets. Doc. 104. Nonetheless, defendant persisted in insisting to the probation officer who prepared the presentence investigation report (PSR) that he was responsible for only one trip involving markedly fewer pills. The PSR therefore stated that "the Probation Office believes the defendant provided materially false information to a probation officer in respect to a presentence investigation for the Court." Doc. 131 (sealed PSR), p. 5. Over defendant's objection, at the February 2014 sentencing the presiding district judge agreed with the probation officer's recommendation and

1

found that defendant obstructed justice,[1] after which defendant was sentenced to 121 months' imprisonment. Doc. 128.

Defendant appealed. As framed by the Sixth Circuit, the issues on appeal were "the district court's decision to assess a two-level enhancement for obstruction of justice, and . . . that the court was not constitutionally allowed to judicially find the fact that he had made at least four trips to transport drugs." Doc. 171, p. 3. In February 2015 the Sixth Circuit affirmed. Doc. 171. Specifically, the Sixth Circuit held that "[t]he district court credited [cooperating co-defendant] Scalf's testimony that Anderson had made at least four trips from Detroit—a finding that Anderson does not contest on appeal—and found that Anderson lied when he told the probation officer that he had made only one trip. This was materially false information and the district court did not err in imposing the § 3C1.1 obstruction-of-justice enhancement on Anderson." *Id.* at p. 11. The court also rejected defendant's constitutional argument, holding that "the district court's judicial factfinding of the quantity of oxycodone attributable to Anderson did affect his sentencing guideline range, but it did not affect the statutory mandatory minimum penalty (none) or the statutory maximum penalty (twenty years). Thus *Apprendi* and *Alleyne* were not violated." *Id.* at p. 12 (citations omitted).

In March 2015 defendant filed a motion for reduction in sentence due to changes in the

---

1 At sentencing, the Court stated as follows:
      And in this case the Court finds that it was false and
 misleading information that was given.
      And, therefore, the objection to the two-point enhancement
 for obstruction of justice is properly applied, and again the
 objection will be overruled, and the enhancement is applied in
 the case.
Doc. 150, p. 7. In essence, therefore, two of the three total points deducted from defendant's Guidelines score due to his acceptance of responsibility were offset by the enhancement for obstructing justice. Defendant's seeming insinuation that his guilty plea did not result in any tangible reduction in his sentence is thus patently incorrect.

2

Sentencing Guidelines. Doc. 177. The presiding district judge denied the motion shortly thereafter (doc. 178) and defendant again appealed. In October 2015 the Sixth Circuit again affirmed. Doc. 193. Defendant then filed the pending §2255 motion in May 2016. Doc. 196.[2]

Defendant raises three allegations of ineffective assistance of counsel. First, he contends counsel was ineffective for failing to conduct an adequate investigation. Doc. 196-1, p. 3-6. Second, he contends counsel was ineffective for failing "to at least try to precure [sic] a plea agreement." *Id.* at p. 6-7. Finally, defendant contends counsel was ineffective for not arguing that defendant was only a minor participant in the conspiracy. *Id.* at p. 8-9. The United States filed its response on July 5, 2016. Doc. 205. Defendant failed to file a reply by the August 5, 2016 deadline.

## II. Analysis

### A. Standards of Review

"A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To be cognizable under §2255, an alleged constitutional error must be of such magnitude as to have "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "Conclusory statements are insufficient to warrant relief under Section 2255." *Combs v. United States*, 2009 WL 943526, at *3 (M.D. Tenn. April 6, 2009). In addition, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

---

[2] The United States concedes that the motion is timely. *See* Doc. 205, p. 4.

allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In order to demonstrate ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S.668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). "The Supreme Court has modified *Strickland's* prejudice prong in the context of guilty pleas, holding that a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.' *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)." *Pough*, 442 F.3d at 966. Of course, an attorney cannot be deemed ineffective for failing to raise a meritless argument. *See, e.g., Bailey v. Smith*, 492 Fed. Appx. 619, 627 (6th Cir. 2012) ("*Strickland* does not require counsel to make meritless requests.").

### B. Alleged Failure to Investigate Adequately

Defendant asserts that a proper investigation by counsel "would have produced the counsel would [sic] the knowledge that Petitioner's statement was as alive as a heart beat . . . ." Doc. 196-1, p. 3. Defendant later states that "the record is devoid of any evidence that can actually show that the attorney conducted an investigation of the facts" and "[i]t is not kosher for an attorney to agree to represent a defendant and then ignore that defendant completely." *Id.* at

p. 4. Defendant also asserts that counsel "failed to fight to the misused authority of the court when the court awarded the Petitioner two reduction points from his offense level for accepting his responsibility by pleading guilty, but than [sic] came back and added two points for obstructing justice . . . ." *Id.* at p. 5. Finally, defendant contends counsel "erred by failing to discover inconsistencies in the government's witnesses['] statements . . . ." *Id.*

All facets of defendant's argument are without merit. First, counsel did object to the two point enhancement for obstruction of justice. In fact, counsel first filed written objections to the PSR's recommendation on that point and then orally argued at sentencing against such an enhancement. *See* Docs. 118 (objections to PSR);[3] 150 (sentencing transcript).[4] Defendant is simply mistaken, therefore, when he contends counsel failed to argue against the enhancement

---

3 The written objections provide in relevant part:
    Mr. Anderson argues that he never willfully obstructed or impeded or attempted to obstruct or impede the administration of justice by informing the Probation Officer about Defendant's involvement in the conspiracy. Since Mr. Anderson's arrest he has maintained that he made a single trip from Detroit, Michigan to Covington, Kentucky to traffic Oxycodone. He asserts that the testimony of the government's witness was no more credible than the information Defendant provided to the Probation Officer and should not be utilized to increase the Defendant's offense level. Therefore, the 2 level increase for obstruction provided by U.S.S.G. Sec. 3C1.1 should not apply.
Doc. 118, p. 2.

4 At sentencing defendant's counsel orally argued in relevant part:
    MR. PAYNE: Yes, Your Honor, and I'll be brief. The argument is this, is that I realize that the Court relied on Mr. Scalf's testimony as to how many trips he made to the state, but we cannot discount the fact that my client who has maintained that he made one trip from the very first day that I met him, to me, that it is --it is possible that Mr. Anderson has been telling the truth all along, and Mr. Scalf is just mistaken.
        Now, I would simply argue that he has not, you know, intentionally impeded the administration of justice, that he's just basically telling us the facts as they related to him. And so it's certainly possible that he's not lying to the Court or to me, and that he is telling the truth, and maybe Mr. Scalf is just -- it's just a case of mistaken identity.
Doc. 150, p. 4.

5

for obstruction of justice. The record thus also does not support defendant's generic, unsupported conclusory contention that counsel ignored defendant's case. Contrary to defendant's seeming argument, the fact that counsel's arguments proved unavailing does not mean that counsel was ineffective.

Moreover, defendant's argument that additional investigation was necessary is fatally vague and conclusory. Defendant does not state what additional investigation counsel should have undertaken, what additional admissible evidence additional investigation would have uncovered or how that additional evidence derived from additional investigation would have changed the outcome of defendant's case (i.e., defendant would have gone to trial and/or would have received a lesser sentence). Moreover, defendant has not specified the nature of the alleged inconsistencies in the testimony presented by the United States, nor how additional investigation would have revealed those inconsistencies in such a manner which would have affected defendant's decision to plead guilty and/or sentence. *See, e.g., United States v. Mullins*, 2012 WL 1931244, at *2 (E.D. Mich. May 29, 2012) ("Defendant fails to identify the defense witnesses whom counsel failed to investigate and call, nor does defendant specifically identify what the testimony would have been had they been called to testify at trial. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for [§ 2255] relief.") (quotation marks and citation omitted).

Finally, defendant's assertion that the record does not support a showing that counsel performed adequately is backwards and misguided. Counsel's performance is strongly presumed to have been constitutionally adequate. *Strickland*, 466 U.S. at 689 ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance . . . ."). The burden thus falls on defendant to show deficient performance by counsel and prejudice stemming therefrom. Defendant has not met that heavy burden and, consequently, is not entitled to relief.

### C. Alleged Failure to Obtain a Plea Agreement

Defendant's second claim for relief is that counsel was ineffective for failing to "at least try" to obtain a plea agreement. Doc. 196-1, p. 6. Defendant then asserts, somewhat contradictorily, that the record shows that he did not really want to plead guilty and only did so because counsel was not prepared for trial.

The transcript of the rearraignment hearing flatly contradicts defendant's claims. At rearraignment, defendant answered, under oath, "[y]es, sir" when asked by the presiding district judge if he (defendant) was "satisfied with the advice and representation" given by counsel. Doc. 156, p. 7. Shortly thereafter, the following colloquy occurred:

> THE COURT: All right. Very well.
>     Mr. Anderson, let me ask you a couple of questions about that. The parties certainly may enter a plea without the benefit of a plea agreement, but on many occasions, the parties will enter into a plea agreement which will make recommendations to the Court on certain items. Mr. Payne [defendant's attorney] has indicated that you wish to proceed without a written plea agreement; is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you discussed with your attorney the possible benefits of having a written plea agreement?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. And you've decided that the advantages of not having a plea agreement would outweigh the advantages of having one; is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. Have any promises been made to you in exchange for you agreeing not to proceed with a written plea agreement?
> THE DEFENDANT: No, sir.
> THE COURT: Has anyone made any threats or in any way forced you to do that?
> THE DEFENDANT: No, sir.

7

*Id.* at p. 8-9. Moreover, defendant's attorney similarly states in a declaration attached to the United States' response that he engaged in discussions with defendant about whether to seek a plea agreement, after which defendant elected to plead without such an agreement.[5]

In addition, a defendant does not have a constitutional right to a plea bargain and counsel cannot be deemed ineffective for failing to obtain a plea bargain containing terms of a defendant's choosing. *See, e.g., Aguirre v. United States*, 2012 WL 3191958 (E.D. Tenn. Aug. 2, 2012) ("Petitioner seems to assert some sort of entitlement to a plea agreement on terms dictated by him and sufficiently favorable to him from his view. He has no such entitlement. The United States Supreme Court has clearly held that there is no constitutional right to plea bargain and nothing requires a prosecutor to accept a plea bargain proposal from a defendant which the prosecutor finds unacceptable. *See Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Petitioner simply is not entitled to a plea agreement with terms tailored to his liking and counsel cannot be deficient in failing to obtain the desired result. Since the petitioner had no constitutional right to plea bargain, it certainly clearly follows that he had no right to a plea bargain on more favorable terms. This claim by petitioner lacks merit.") (quotation marks and citations omitted). Finally, defendant has not shown prejudice in that he has not shown how

---

5 The declaration provides in relevant part:
```
      Defendant was indicted on a single count of conspiring to
      distribute a quantity of Oxycodone, a Schedule II controlled
      substance, Because of this lone count no additional charges could
      be dismissed by the United States in return for Mr. Anderson
      entering into a plea agreement. We had a lengthy discussion of
      the pros and cons of pleading with a written plea agreement as
      opposed to doing a simple "open plea" to the indictment, I
      advised Defendant that he gained nothing by entering into a plea
      agreement with the government. He ultimately concluded that,
      because a written plea agreement would require him to waive
      certain rights, including his rights of appeal, he would simply
      plead to the indictment.
```
Doc. 205-1, p. 2-3.

entering into a plea agreement would have altered materially his sentence. In short, defendant's claims of ineffectiveness regarding the lack of a plea agreement are without merit.

### D. Minor Participant

Finally, defendant contends counsel was ineffective for failing to seek a sentence reduction due to his (defendant's) allegedly playing only a minor role in the drug conspiracy. However, at sentencing, the presiding district judge stated that defendant was not a minor participant. *See* Doc. 150, p. 21 ("His involvement in the drug trafficking activity is not a minor role. It is significant, and the Court believes it's necessary to impose a sentence that will deter not only his conduct in the future but also others that might be inclined to engage in similar conduct."). Any minor participant argument raised by defense counsel, therefore, would have been futile and counsel cannot be deemed ineffective for failing to raise meritless arguments. *See, e.g., Bailey*, 492 Fed. Appx. at 627 ("*Strickland* does not require counsel to make meritless requests.").

In addition to being futile, defendant's assertion that he should have been deemed a mere minor participant is incorrect. Defendant admitted to bringing over 1,500 total pills into Kentucky in one trip in furtherance of the conspiracy. The presiding district judge, however, concluded defendant was actually responsible for at least four trips totaling over 5,500 pills—a conclusion that the Sixth Circuit affirmed on direct appeal. The PSR accordingly did not recommend that defendant be deemed a minor participant and defendant's counsel states in his declaration that he could not in good faith have even presented such an argument. *See* Doc. 205-1, p. 3 ("Based on my research, I could not in good conscience argue that Mr. Anderson, as a courier of hundreds of Oxycodone [pills], was eligible for a downward departure or variance for

[playing] a minor role in the conspiracy. Defendant traveled hundreds of miles from Detroit, Michigan to Northern Kentucky by way of Greyhound bus and taxi cab. He knew that he was meeting William Scalf at a particular hotel where the Oxycodone would be sold for cash. Mr. Scalf informed law enforcement at the time of the arrest that he had dealt with Defendant 4 or 5 times over a 6 month period. Mr. Anderson also admitted to counsel that the Detroit supplier of the Oxycodone was a close, personal friend. These are not the actions of an individual who has a minor role in a drug trafficking conspiracy. . . . Since the Court could not grant such an ill-fated motion, I saw no reason in wasting the court's time with such a filing."). In short, defendant's conduct was not that of a minor participant and his contention that counsel should have raised a fallacious minor participant argument is without merit.

### III. Conclusion

For the foregoing reasons, defendant's 28 U.S.C. §2255 motion (doc. 196) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections

within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 10th day of August, 2016

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge