UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 13-030-DCR |
| ) | and |
| V. ) | Civil Action No. 6: 16-83-DCR |
| ) | |
| STANLEY LAMONT ANDERSON, Jr., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Stanley Lamont Anderson, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 196] In accordance with local practice, this motion was referred to a United States Magistrate Judge for initial consideration. On August 10, 2016, Magistrate Judge J. Gregory Wehrman issued a Report and Recommendation, concluding that Anderson's motion should be denied. [Record No. 209] Anderson filed objections to the Magistrate Judge's Report and Recommendation, signed and dated August 22, 2016, which were filed on August 29, 2016. [Record No. 210] Having reviewed all matters relevant to Anderson's motion *de novo*, the Court concludes that the Report and Recommendation should be adopted in full. Accordingly, Anderson's motion will be denied.

On October 25, 2013, Anderson pleaded guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. [Record No. 73] In light of a factual dispute over the quantity of pills at issue, an evidentiary hearing was held on January 10, 2014. [Record

No. 102] In findings published on January 13, 2014, the Court found defendant Anderson to be responsible for at least four deliveries to northern Kentucky and/or the City of Lexington for a total of 5,195 oxycodone 30 milligram pills and 400 Xanax tablets. [Record No. 104] Despite this determination, Anderson maintained that he was responsible for only one trip (with drug quantities totaling 1,195 oxycodone 30 milligram pills and 400 Xanax tablets). [Record No. 131, ¶16]

During his interview with the United States Probation Office in preparation for its Presentence Investigation Report, Anderson again insisted that he was responsible for only one trip. This false statement to the Probation Office led the Court to assign Anderson a two-point enhancement for obstruction of justice under USSG § 3C1.1. [Record No. 150] On February 28, 2014, the defendant was sentenced to a term of 121 months imprisonment, followed by four years of supervised release. [Record No. 128] On appeal, the United States Court of Appeals for the Sixth Circuit affirmed this Court's finding regarding the number of trips Anderson made to transport drugs, along with the § 3C1.1 sentencing enhancement. [Record No. 171]

On May 19, 2016, Anderson timely filed his first motion under 28 U.S.C. § 2255. [Record No. 196] Anderson's motion to vacate, set aside, or correct his sentence asserts three ground for relief, all based on alleged ineffective assistance of counsel. First, Anderson contended that his attorney was ineffective for "failing to discover inconsistencies in the government's witnesses statements" relating to the number of trips he took as a drug courier. [Record No. 196-1] Next, Anderson argued that counsel was ineffective for "failure to at least try to precure [sic] a plea agreement." [*Id.*] Third, Anderson asserted that counsel was

ineffective "for not seeking a downward departure for his status as a minor participant, pursuant to United States Sentencing Guidelines." [*Id.*]  In its response, the United States argued that Anderson failed to establish that defense counsel's performance was deficient but, even if assuming some deficiency was presented, there was no proof that it would have made a difference in the outcome of Anderson's case. [Record No. 205]  No reply was received from Anderson.

On August 10, 2016, the Magistrate Judge issued a Report and Recommendation concluding that Anderson's § 2255 motion should be denied. [Record No. 209]  Anderson's objections were filed on August 29, 2016. [Record No. 210]  Anderson raised three arguments in his objections.  First, Anderson objected to the evidence considered.  First, he stated that, "if the Magistrate Judge is going off of a report or response from the Government, the Magistrate Judge would be in error." [Record No. 210]  Second, Anderson contended that "[he] do not [sic] and will not understand the logic of the court's finding that he lied to the "Probation Department" when in court he stated to the court the same . . . just because the court ruled against him do not [sic] make him a liar, or when the court rules against the Government, do or is it [sic] considered the same resource that the Petitioner is receiving. . . ." [*Id.* (ellipses in original)]  Finally, Anderson submitted that he did not receive anything from the Clerk of Court stating that his § 2255 motion was filed, nor did he receive a copy of the briefing schedule or a copy of the government's response.  In light of this, Anderson requests a copy of the government's response along with "a date that the Petitioner need to respond." [*Id.*]  Each contention will be taken in turn.

First, the general and baseless argument that the Magistrate Judge should not have credited any statement of the government is not an objection that lends itself to evaluation by the Court.  *See Miller v.* Vurrie, 50 F.3d 373, 380 (6th Cir. 1995).  As Magistrate Judge Wehrman's recommendation noted, "[p]oorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal."  [Record No. 209, *citing Howard v. Seretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)]  Anderson's first objection is of that category and is rejected.

Petitioner's second objection, while more specific, fares no better.  That contention appears to be an attempt to re-litigate (now, for the third time) the issue of whether Anderson was properly assessed an obstruction-of-justice enhancement.  To be sure, Anderson's second *Strickland* claim relates to this issue, but the objection as stated refers to the merits of that finding, rather than to the Magistrate Judge's evaluation of defense counsel's conduct.  Petitioner acknowledged that the fact of the enhancement is not before the Court at this time.  To wit, he states in his motion that "[p]etitioner understands that a § 2255 petition cannot be used to relitigate question [sic] which were raised and considered on direct appeal."  [Record No. 196-1]  Because the second contention does not address the merits of Anderson's *Strickland* claim, it also is rejected.

Anderson's last contention is procedural.  He claims that he did not receive certain communications from the Clerk of Court, or a copy of the government's response.  There is nothing in the record, such as a notice of returned mail, to indicate that Anderson did not receive copies of these filings.  Further, the government's certificate of service attached to its response lists an address and inmate number matching those provided by petitioner in his reply.

[*Compare* Record No. 205, p. 7 with Record No. 210, p. 3]   Of course, the Court cannot be certain as to what filings Anderson did or did not receive.  Therefore, the question becomes whether, taking his assertion as true, Anderson was prejudiced.

There is no evidence that Anderson has been or will be prejudiced by missing the opportunity to reply directly to the government's response brief.  It is clear that Anderson received a copy of the Magistrate Judge's Report and Recommendation, and had an opportunity to object.  To the extent the Magistrate Judge's recommendation relied on the government's response, it included excerpts and direct quotes.  [Record No. 209, pp. 8, 9]  Other than to suggest that the government should not be trusted, Anderson does not mention these citations, much less directly challenge their validity.  Because Anderson has shown no prejudice from his alleged failure to receive certain documents, and because he has been afforded an opportunity to address all evidence relied upon by the Court, granting Anderson an extension of time to reply is not necessary.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(C).  However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nevertheless, as noted above, the Court has examined the record *de novo* and agrees with the Magistrate Judge's conclusions.

As provided by *Strickland v. Washington*, 466 U.S. 668 (1984), to demonstrate ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687. Because both prongs are necessary, a court need not address both if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 F.App'x 956, 959 (6th Cir. 2004). In the context of guilty pleas, the Supreme Court modified *Strickland's* prejudice prong, holding that a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Anderson's first claim that his attorney failed to adequately investigate or properly object to the Court's assessing a two-point sentencing enhancement is baseless. Counsel cross-examined the government's witness during the evidentiary hearing to discover, as Anderson puts it, "inconsistencies in [their] statements." [Record No. 153] Counsel filed objections to the Probation Office's Presentence Investigation Report regarding the obstruction-of-justice enhancement [Record No. 118], and he argued against the enhancement during the sentencing hearing [Record No. 150]. There is no evidence of errors or failures to act, much less proof that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687.

Anderson points to no evidence that further investigation would have uncovered any substantive inconsistencies in the statements of the government's witnesses. It is also important to note that the number of trips had nothing to do with Anderson's decision regarding whether to plead guilty. As recognized by *Pough v. United States*, 442 F.3d at 966, where a

defendant pleaded guilty, a colorable *Strickland* claim requires a showing of errors that would affect the defendant's decision whether to plead or go to trial. Here, Anderson can point to no evidence that counsel's actions were inadequate, much less that he was prejudiced. Therefore, this claim fails.

Anderson's second claim regarding his attorney's failure to obtain a favorable plea agreement also fails. As demonstrated by defense counsel's declaration and by the Court's questioning during sentencing, it is clear that Anderson's decision not to enter a plea deal was knowing and voluntary. In fact, this decision was likely a strategic decision by Anderson. In defense counsel's declaration, quoted in the Magistrate Judge's Report and Recommendation, counsel states that "Anderson ultimately concluded that, because a written plea agreement would require him to waive certain rights, including his rights of appeal, he would simply plead to the indictment." [Record No. 209 ftnt.5] Anderson raises no objection to this assertion.

During the plea colloquy at Anderson's sentencing, he attested in open court that his decision to not enter a plea agreement was knowing and voluntary, answering "yes" to the Court's question "[a]nd you've decided that the advantages of not having a plea agreement would outweigh the advantages of having one; is that correct?" Such solemn declarations in open court "carry a strong presumption of verity" such that "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because the facts contravene Anderson's assertions, his second *Stickland* claim also is baseless and is rejected.

Anderson's final claim that his attorney was ineffective for not seeking a downward departure for his status as a minor participant also fails. In counsel's declaration, again quoted in the Magistrate Judge's Report and Recommendation, counsel states that, "[b]ased on my research, I could not in good conscience argue that Mr. Anderson, as a courier of hundreds of oxycodone [pills], was eligible for a downward departure or variance for [playing] a minor role in the conspiracy . . ." Counsel is under no obligation to make frivolous arguments, and the failure to make such unwarranted contentions is not a basis for a colorable *Stickland* claim. *See, e.g., Bailey v. Smith*, 492 F.App'x 619, 627 (6th Cir. 2012) ("*Strickland* does not require counsel to make meritless requests.").

Because Anderson has not made a showing that defense counsel was deficient, much less that he was prejudiced by any deficiency, his *Strickland* claims fail. Accordingly, his § 2255 motion will be denied. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a certificate of appealability. Anderson has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong" or that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge J. Gregory Wehrman's Report and Recommendation [Record No. 209] is **ADOPTED** in full and **INCORPORATED** here by reference.

      2.      Movant Stanley Lamont Anderson Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 196] is **DENIED**.

      3.      The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order, along with a copy of the government's response in opposition [Record No. 205], to Movant Stanley Lamont Anderson, Jr. at his address on record.

This 26th day of October, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge