UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-030-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| STANLEY LAMONT ANDERSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Stanley Anderson was sentenced to a term of 121 months' imprisonment and four years' supervised release on February 28, 2014, after pleading guilty to conspiring to distribute oxycodone in the Eastern District of Kentucky. [Record No. 128] Anderson was released from the custody of the Bureau of Prisons ("BOP") on January 14, 2022.[1] He recently filed a *pro se* motion seeking early termination of his supervised release term, asserting that he has "compl[ied] with all conditions of supervision." [Record No. 302] The motion will be denied for the reasons detailed below.

I.

After being sentenced, Anderson unsuccessfully challenged this Court's assessment of an enhancement for obstruction of justice and raised a constitutional challenge to the undersigned's finding regarding the number of trips he made to transport drugs into this district. [Record No. 171] Thereafter, Anderson sought a sentence reduction under 18 U.S.C.

---

[1]   *See Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 29, 2024).

§ 3582(c) because his original sentencing range had been subsequently lowered by the United States Sentencing Commission. That motion was denied, with the Court explaining as follows:

> In arriving at a sentence of 121 months, the Court considered all relevant factors set forth in 18 U.S.C. § 3553. [Record No. 150, p. 19] On review of the defendant's motion for a reduced sentence, the Court again takes up those factors. In particular, the Court emphasized the serious nature of the offense – conspiring to traffic thousands of pills into the district – and the need to impose a sentence that provides just punishment. Anderson's continued dishonesty to the Court regarding the number of deliveries he made suggests disrespect for the law that weighs against reducing his sentence. Further, because Anderson was "a significant carrier of significant quantities of controlled substances," a sentence of less than 121 months would neither provide sufficient deterrence nor protect the public. [*Id.*] Instead, a reduction of the term of incarceration previously imposed would diminish the seriousness of Anderson's criminal conduct.
>
> In summary, none of the Court's concerns at sentencing regarding the 18 U.S.C. § 3553 factors in Anderson's case are allayed by the amendments to the United States Sentencing Guidelines. As noted during the sentencing hearing, the Guidelines are not binding. And here, the requested reduction in the guidelines range is outweighed by the statutory factors discussed above.

[Record No. 178] On appeal, Anderson challenged the denial of his motion for a sentence reduction arguing, in part, that the Court failed to properly consider his post-conviction conduct. But that appeal likewise was denied. [Record No. 193][2]

Anderson next sought relief in 2016 *via* 28 U.S.C. § 2255, making several claims of ineffective assistance of counsel. [Record No. 196] However, those claims were rejected as well. [*See* Record Nos. 209 and 221.]

Anderson subsequently returned to this Court on December 7, 2020, seeking compassionate release under 18 U.S.C. 3582(c)(1)(A). [Record No. 290] In relevant part, he

---

[2] Anderson's petition for a writ of certiorari was denied by the United States Supreme Court on October 31, 2016. [Record No. 223]

sought to be released due to the combined effects of the COVID virus and his overweight status. [*Id.*] In rejecting Anderson's "extraordinary and compelling reasons" argument, the Court concluded that the BOP's preventative measures were sufficient to address his concerns. Further, the Court reiterated that

> Anderson's sentence remains sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. § 3553(a). As noted during the sentencing hearing, the circumstances of Anderson's offense were "very serious." [Record No. 150, p. 20] Additionally, his sentence will deter his conduct and the conduct of those who may commit a similar offense. Anderson's argument that his time served, completion of educational courses, and remorse for his crimes can justify release is unavailing. The Court commends Anderson's efforts to educate and rehabilitate himself while incarcerated, but those factors do not change the appropriateness of his original sentence.

[*Id.* at p. 4]

Anderson was released from FCI Milan to a Residential Re-Entry Center in March 2021, to finish serving his period of incarceration. He was subsequently released from federal custody to begin his period of supervised release on January 14, 2022. As of this date, Anderson has been on supervised release for approximately two years and three months.

**II.**

As a general matter, a "court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release if the action is warranted by the conduct of the defendant and is in the interests of justice." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing 18 U.S.C. § 3583(e)(1)).[3] But "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances such as exceptionally good behavior." *Id.* (citing *United States v.*

---

[3] Additional factors to consider are enumerated in 18 U.S.C. § 3553(a).

*Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *see also United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023) (holding that a showing of exceptional conduct or a change in circumstances is generally required before early termination is justified.).

The Court notes that "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citing *Lussier*, 352 F.3d at 36); *Atkin*, 38 F. App'x at 198 (emphasizing that merely complying with the expectations of supervised release is not "exceptional."). Similarly, "productive employment, while laudable, does not justify the termination of supervision." *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014). In other words, "early termination is not warranted as a matter of course." *McKay*, 352 F. Supp. 2d at 361.

### III.

Anderson is serving the four-year term of supervised release which was imposed during his sentencing hearing. It is a *part* of the overall sentence. But, as expected, Anderson now seeks to be released from the remaining portion of that term. He argues that he has served the requisite amount of time of his term to make him eligible for early release, completed numerous programs to improve his situation, and remained a productive citizen. Specifically, Anderson contends he has been reintegrated into the community without any incidence of arrest or substance abuse and cites his stable residence, sustained employment with Chrysler, and continued family support as indicators of his rehabilitation. In other words, Anderson claims that he is "no longer in need of any services that the United States Probation Office has to offer." [Record No. 302]

Anderson also represents that his probation officer based in the Eastern District of Michigan, Chaniqua Lipsey, has expressed full support for his release.[4]  The United States Probation Office in Lexington, Kentucky, has confirmed her support.  The Probation Office in Lexington further provides that Anderson recently completed his community service requirements and has submitted to five drug tests, all of which returned negative results, since his release from federal custody.[5]

Although these representations demonstrate rehabilitative progress, Anderson has not shown any material change in his circumstances warranting early termination of the supervision term that the Court viewed as an important part of his punishment and rehabilitation when fashioning his sentence.  It is laudable that Anderson has maintained a stable residence, retained a job, and complied with his terms of supervision since being released, but the Court notes that he has met the baseline expectations of similarly-situated criminal defendants.  Just as defendants suffer consequences for failing to comply with such terms, they typically are not rewarded for merely doing what is expected of them.

The Court once again commends Anderson's efforts at reintegrating himself into the community, but neither his circumstances nor the interests of justice warrant early termination

---

[4]  Although it is customary in the Eastern District of Kentucky for the probation officer to make a request for early termination on a defendant's behalf, Lipsey notes that it is standard practice for the defendant to make the request in the district she serves and where Anderson now resides.  The Court has confirmed that Lipsey supports the defendant's motion.

[5]  The Court acknowledges that these representations are not filed in the record.  However, Anderson's BOP progress reportedly shows that he participated in horticulture, prison awareness, drug education, advanced investing, and CDL preparation classes, as well as business and math courses.  The report also memorializes an instance in 2017 where Anderson refused a drug and alcohol test, but additional information and circumstances were not notated.

of supervision. The nature and circumstances of Anderson's offense were serious, and continued supervision is required to ensure that he becomes a fully rehabilitated contributor in society. In summary, Anderson's sentence remains sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** that the defendant's motion for early termination of supervised release [Record No. 302] is **DENIED**.

Dated: May 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky